1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**
9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11
KELLEY LYN GARCIA,                          CASE NO. CV F 12-2049 LJO SAB
12
                            Plaintiff,       **ORDER TO DENY INJUNCTIVE RELIEF**
13          vs.                              (Doc. 17.)
14  SETERUS, INC., et al.,
15                          Defendants.
16  _____/
17          **PRELIMINARY STATEMENT TO PARTIES AND COUNSEL**

18          Judges in the Eastern District of California carry the heaviest caseload in the nation, and this

19  Court is unable to devote inordinate time and resources to individual cases and matters.  This Court

20  cannot address all arguments, evidence and matters raised by parties and addresses only the arguments,

21  evidence and matters necessary to reach the decision in this order given the shortage of district judges

22  and staff.  The parties and counsel are encouraged to contact the offices of United States Senators Diane

23  Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and this action.

24  The parties are required to reconsider consent to a Magistrate Judge to conduct all further proceedings

25  in that the Magistrate Judges' availability is far more realistic and accommodating to parties than that

26  of U.S. District Judge Lawrence J. O'Neill who must prioritize criminal and older civil cases.

27          Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension

28  mid-trial to accommodate criminal matters.  Civil trials are no longer reset to a later date if Judge O'Neill

                                             1

1   is unavailable on the original date set for trial.  Moreover, this Court's Fresno Division randomly and

2   without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as

3   visiting judges.  In the absence of Magistrate Judge consent, this action is subject to reassignment to a

4   U.S. District Judge from outside the Eastern District of California.

5   <u>**INTRODUCTION**</u>

6   　　　　On December 17, 2012, plaintiff Kelley Lynn Garcia ("Ms. Garcia") through counsel filed this

7   action to allege claims arising from her loan default and steps to foreclose on her Tulare County property

8   ("property").  On March 19, 2013, Ms. Garcia filed pro se papers herself, not through her counsel, to

9   seek to enjoin a foreclosure sale of her property.  This Court is not in a position to grant relief on pro se

10  papers filed by a represented litigant and DENIES Ms. Garcia injunctive relief for the reasons discussed

11  below.

12  **Injunctive Relief**

13  　　　　Ms. Garcia fails to meet her burden for injunctive relief.

14  　　　　F.R.Civ.P. 65(b)(1)(A) permits a temporary restraining order ("TRO") "only if" "specific facts

15  in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage

16  will result to the movant before the adverse party can be heard in opposition."  As such, the Court may

17  only grant such relief "upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat'l*

18  *Res. Def. Council, Inc.*, 129 S.Ct. 365, 375 (2008).  To prevail, the moving party must show: (1) a

19  likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm

20  absent preliminary injunctive relief; (3) that the balance of equities tips in the moving party's favor; and

21  (4) that preliminary injunctive relief is in the public interest. *Winter*, 129 U.S. at 374.  In considering the

22  four factors, the Court "must balance the competing claims of injury and must consider the effect on

23  each party of the granting or withholding of the requested relief." *Winter*, 129 S.Ct. at 376 (quoting

24  *Amoco Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531 542 (1987)); *Indep. Living Ctr. of S. Cal., Inc. v.*

25  *Maxwell-Jolly*, 572 F.3d 644, 651 (9th Cir. 2009).  Preliminary injunctive relief "is an extraordinary and

26  drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden

27  of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865 (1997) (citation omitted).

28  / / /

2

1

**Likelihood Of Success On Merits**

2   Pursuant to *Winter*, Ms. Garcia must make a "clear showing" that she is "likely to succeed on

3 the merits." *Winter*, 129 S.Ct. at 375-376; *Stormans*, 571 F.3d at 978.  Ms. Garcia's failure to tender,

4 and apparent inability to tender, the amount owing on her property loan dooms her claims and in turn

5 her injunctive relief request.

6

***Failure To Tender Indebtedness***

7   "A tender is an offer of performance made with the intent to extinguish the obligation." *Arnolds*

8 *Management Corp. v. Eischen*, 158 Cal.App.3d 575, 580, 205 Cal.Rptr. 15 (1984) (citing Cal. Civ.

9 Code, § 1485; *Still v. Plaza Marina Commercial Corp.,* 21 Cal.App.3d 378, 385, 98 Cal.Rptr. 414

10 (1971)).  "A tender must be one of full performance . . . and must be unconditional to be valid." *Arnolds*

11 *Management*, 158 Cal.App.3d at 580, 205 Cal.Rptr. 15.  "Nothing short of the full amount due the

12 creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount."

13 *Rauer's Law etc. Co. v. S. Proctor Co.,* 40 Cal.App. 524, 525, 181 P. 71 (1919).

14   A defaulted borrower is "required to allege tender of the amount of [the lender's] secured

15 indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah*

16 *v. United Savings Bank*, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996), *cert. denied*, 519 U.S.

17 1081, 117 S.Ct. 746 (1997).  "A party may not without payment of the debt, enjoin a sale by a trustee

18 under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale,

19 even though the statute of limitations has run against the indebtedness."  *Sipe v. McKenna*, 88

20 Cal.App.2d 1001, 1006, 200 P.2d 61 (1948).

21   In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021, 255 Cal.Rptr. 157

22 (1989), the California Court of Appeal explained:

23   . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or
   procedure should be accompanied by an offer to pay the full amount of the debt for
24   which the property was security." . . . . This rule . . . is based upon the equitable maxim
   that a court of equity will not order a useless act performed. . . . "A valid and viable
25   tender of payment of the indebtedness owing is essential to an action to cancel a voidable
   sale under a deed of trust." . . .  The rationale behind the rule is that if plaintiffs could not
26   have redeemed the property had the sale procedures been proper, any irregularities in the
   sale did not result in damages to the plaintiffs.  (Citations omitted.)

27

28   An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state

3

1   a cause of action which a court of equity recognizes.  *Karlsen v. American Sav. & Loan Assn.*, 15

2   Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971).  The basic rule is that an offer of performance is of no

3   effect if the person making it is not able to perform.  *Karlsen*, 15 Cal.App.3d at118, 92 Cal.Rptr. 851

4   (citing Cal. Civ. Code, § 1495).  Simply put, if the offeror "is without the money necessary to make the

5   offer good and knows it" the tender is without legal force or effect.  *Karlsen*, 15 Cal.App.3d at118, 92

6   Cal.Rptr. 851 (citing several cases).  "It would be futile to set aside a foreclosure sale on the technical

7   ground that notice was improper, if the party making the challenge did not first make full tender and

8   thereby establish his ability to purchase the property."  *United States Cold Storage v. Great Western*

9   *Savings & Loan Assn.,* 165 Cal.App.3d 1214, 1224, 212 Cal.Rptr. 232 (1985).  "A cause of action

10  'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid

11  tender."  *Arnolds Management*, 158 Cal.App.3d at 579, 205 Cal.Rptr. 15.

12          "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without

13  paying the debt secured."  *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934); *see Mix v.*

14  *Sodd*, 126 Cal.App.3d 386, 390, 178 Cal.Rptr. 736 (1981) ("a mortgagor in possession may not maintain

15  an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 39 Cal.App.3d 475,

16  477, 114 Cal.Rptr. 91 (1974) (trustor is unable to quiet title "without discharging his debt").

17          Moreover, to obtain "rescission or cancellation, the rule is that the complainant is required to do

18  equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the

19  plaintiff has received in the transaction. . . . The rule applies although the plaintiff was induced to enter

20  into the contract by the fraudulent representations of the defendant."  *Fleming v. Kagan*, 189 Cal.App.2d

21  791, 796, 11 Cal.Rptr. 737 (1961).  "A valid and viable tender of payment of the indebtedness owing

22  is essential to an action to cancel a voidable sale under a deed of trust."  *Karlsen,* 15 Cal.App.3d at 117,

23  92 Cal.Rptr. 851.  Analyzing "trust deed nonjudicial foreclosure sales issues in the context of common

24  law contract principles" is "unhelpful" given "the comprehensive statutory scheme regulating nonjudicial

25  foreclosure sales."  *Residential Capital v. Cal-Western Reconveyance Corp.*, 108 Cal.App.4th 807, 820,

26  821, 134 Cal.Rptr.2d 162 (2003).

27          "The rules which govern tenders are strict and are strictly applied."  *Nguyen v. Calhoun*, 105

28  Cal.App.4th 428, 439, 129 Cal.Rptr.2d 436 (2003).  "The tenderer must do and offer everything that is

4

necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Savings & Loan Assn.,* 200 Cal.App.3d 1154, 1165, 246 Cal.Rptr. 421 (1988).   The debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." *Gaffney*, 200 Cal.App.3d at 1165, 246 Cal.Rptr. 421.

The record fails to  reference Ms. Garcia's credible tender of indebtedness or meaningful ability to do so, especially considering her bankruptcy.  The record's silence on Ms. Garcia's credible tender of or ability to tender amounts outstanding, along with her bankruptcy, are construed as her concession of inability to make a credible tender of her indebtedness.  Ms. Garcia's failure to cure her default resulted in rightful acceleration of her loan's outstanding balance.  Without Ms. Garcia's meaningful, credible tender, she seeks empty remedies, not capable of being granted.  Granting Ms. Garcia relief without her credible tender would be an unjustified windfall, not an avoidance of irreparable harm to her.

### Irreparable Injury Absent Injunctive Relief

"Preliminary injunctive relief is available only if plaintiffs 'demonstrate that irreparable injury is *likely* in the absence of an injunction.'" *Johnson v. Couturier*, 572 F.3d 1067, 1081 (9th Cir. 2009) (quoting *Winter*, 129 S.Ct. at 375) (noting that the Supreme Court in *Winter* rejected the Ninth Circuit's "possibility of irreparable harm" test).  "Typically, monetary harm does not constitute irreparable harm." *Cal Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 851 (9th Cir. 2009).  "Economic damages are not traditionally considered irreparable because the injury *can later be remedied by a damage award*." *Cal Pharmacists,* 563 F.3d at 852 (italics in original).  However, "intangible injuries, such as damage to . . . goodwill qualify as irreparable harm." *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc*., 944 F.2d 597, 603 (9th Cir. 1001).

Ms. Garcia fails to establish that she is entitled to prevent property foreclosure, especially with no record of her credible ability to tender outstanding amounts owed.  Under the circumstances, loss of the property is not irreparable injury.  Further delay in foreclosure could cause irreparable harm to defendants.

### Balance Of Equities

1        The purpose of preliminary injunctive relief is to preserve the status quo if the balance of equities

2   so heavily favors the moving party that justice requires the court to intervene to secure the positions until

3   the merits of the action are ultimately determined.  *University of Texas v. Camenisch*, 451 U.S. 390, 395

4   (1981).

5        Ms. Garcia fails to demonstrate that the balance of equities merits requested injunctive relief.

6   In fact, the balance of equities weighs in defendants' favor as the record suggests that Ms. Garcia may

7   remain on the property improperly without payment of outstanding amounts owed.

8   **Public Interest**

9        "In exercising their sound discretion, courts of equity should pay particular regard for the public

10   consequences in employing the extraordinary remedy of injunction." *Winter*, 129 S. Ct. at 376-77

11   (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).  "The public interest analysis for

12   the issuance of a preliminary injunction requires [the Court] to consider whether there exists some

13   critical public interest that would be injured by the grant of preliminary relief." *Indep. Living Ctr., So.*

14   *Cal. v. Maxwell-Jolly*, 572 F.3d 644, 659 (2009).

15        No meaningful public interest supports injunctive relief.  Granting injunctive relief would be a

16   disservice to public interest by allowing Ms. Garcia to remain on the property after her default and

17   without credible tender of outstanding amounts owed.

18   **CONCLUSION AND ORDER**

19        For the reasons discussed above, this Court DENIES Ms. Garcia's requested injunctive relief.

20   IT IS SO ORDERED.

21   **Dated:**   **March 19, 2013**          **/s/  Lawrence J. O'Neill**
                                                  UNITED STATES DISTRICT JUDGE

6