1

2

3

4

5

6

7

8             **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11

KELLEY LYNN GARCIA,                          CASE NO. CV F 12-2049 LJO SAB

12
                         Plaintiff,          **ORDER TO DISMISS CLAIMS**
13            vs.                            (Doc. 15.)

14   SETERUS, INC., et al.,

15                        Defendants.
     _____/

16

17         **PRELIMINARY STATEMENT TO PARTIES AND COUNSEL**

18         Judges in the Eastern District of California carry the heaviest caseload in the nation, and this

19   Court is unable to devote inordinate time and resources to individual cases and matters.  This Court

20   cannot address all arguments, evidence and matters raised by parties and addresses only the arguments,

21   evidence and matters necessary to reach the decision in this order given the shortage of district judges

22   and staff.  The parties and counsel are encouraged to contact the offices of United States Senators Diane

23   Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and this action.

24   The parties are required to reconsider consent to a Magistrate Judge to conduct all further proceedings

25   in that the Magistrate Judges' availability is far more realistic and accommodating to parties than that

26   of U.S. District Judge Lawrence J. O'Neill who must prioritize criminal and older civil cases.

27         Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension

28   mid-trial to accommodate criminal matters.  Civil trials are no longer reset to a later date if Judge O'Neill

                                            1

1  is unavailable on the original date set for trial.  Moreover, this Court's Fresno Division randomly and

2  without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as

3  visiting judges.  In the absence of Magistrate Judge consent, this action is subject to reassignment to a

4  U.S. District Judge from outside the Eastern District of California.

5                                                    **INTRODUCTION**

6              Defendants Seterus, Inc. ("Seterus") and Mortgage Electronic Registration Systems, Inc.

7  ("MERS") seek to dismiss a legally barred and incognizable pro se plaintiff Kelley Lynn Garcia's ("Ms.

8  Garcia's") claims arising from her loan default and foreclosure of her Tulare County property

9  ("property").  This Court construes Ms. Garcia's action as an attempt to thwart, delay or complicate

10 foreclosure of the property.  For the reasons discussed below, this Court DISMISSES this action against

11 Seterus and MERS given the absence of Ms. Garcia's credible claims and VACATES the April 24, 2013

12 hearing set by Seterus and MERS.

13                                                    **BACKGROUND**

14                                       **Ms. Garcia's Loan And Property Foreclosure**

15             In July 2005, Ms. Garcia obtained from Decision One Mortgage Company, LLC ("Decision

16 One"), a $211,500 loan secured by a deed of trust ("DOT").  The DOT named MERS as Decision One's

17 nominee and as beneficiary.  In May 2012, MERS assigned to Federal National Mortgage Association

18 ("Fannie Mae") all beneficial interest under the DOT.

19             On May 24, 2012, after Ms. Garcia's default, Fannie Mae initiated property foreclosure by having

20 a notice of default and election to sell under deed of trust recorded.[1]  Fannie Mae substituted Old

21 Republic Default Management Services ("Old Republic") as DOT trustee to conduct property

22 foreclosure.  On November 19, 2012, Old Republic recorded a notice of trustee's sale of the property.

23             Thereafter, Ms. Garcia pursued a Chapter 7 voluntary bankruptcy.

24                                              **Ms. Garcia's Claims**

25             On December 17, 2013, after filing bankruptcy, Ms. Garcia filed her 38-page complaint

26 ("complaint") to initiate this action and to decry property lending and related securities.  The complaint

27 

28 
_____
      [1]      Documents pertaining to Ms. Garcia's loan and property foreclosure were recorded in the Tulare County
Official Records.

1   appears to name as defendants Seterus, MERS, Deutsche Bank National Trust Company, and Morgan

2   Stanley ABS Capital One, Inc. Trust 2005-HE6.[2]  The complaint purports to allege quiet title, wrongful

3   foreclosure and related claims.

### DISCUSSION

#### Sua Sponte Dismissal

6     The complaint fails to allege viable claims.

7     "A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal

8   may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service,*

9   *Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981).  Sua

10  sponte dismissal may be made before process is served on defendants.  *Neitzke v. Williams*, 490 U.S.

11  319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*,

12  745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis actions sua sponte

13  prior to service of process on defendants).

14    "When a federal court reviews the sufficiency of a complaint, before the reception of any

15  evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether

16  a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

17  claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development*

18  *Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either

19  a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

20  theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of*

21  *Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

22    In addressing dismissal, a court must:  (1) construe the complaint in the light most favorable to

23  the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff

24  can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty Mut. Ins. Co.,* 80

25  F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is not required "to accept as true allegations that

---

[2]  This Court will refer to Seterus, MERS, Deutsche Bank National Trust Company, Morgan Stanley ABS
Capital One, Inc. Trust 2005-HE6, and other purported defendants collectively as "defendants."

are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court explained:

> . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949).

4

1    The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

2         First, the tenet that a court must accept as true all of the allegations contained in
3    a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of
     a cause of action, supported by mere conclusory statements, do not suffice. . . .  Second,
4    only a complaint that states a plausible claim for relief survives a motion to dismiss. . .
     . Determining whether a complaint states a plausible claim for relief will . . . be a
5    context-specific task that requires the reviewing court to draw on its judicial experience
     and common sense. . . . But where the well-pleaded facts do not permit the court to infer
6    more than the mere possibility of misconduct, the complaint has alleged – but it has not
     "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

7         In keeping with these principles a court considering a motion to dismiss can
8    choose to begin by identifying pleadings that, because they are no more than conclusions,
     are not entitled to the assumption of truth. While legal conclusions can provide the
9    framework of a complaint, they must be supported by factual allegations. When there are
     well-pleaded factual allegations, a court should assume their veracity and then determine
     whether they plausibly give rise to an entitlement to relief.

10

11   *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-1950.

12        Moreover, a court may consider exhibits submitted with the complaint. *Durning v. First Boston*

13   *Corp.*, 815 F.2d 1265, 1267 (9ᵗʰ Cir. 1987);*Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162,

14   n. 2 (C.D. Cal. 2003).   A "court may consider evidence on which the complaint 'necessarily relies' if:

15   (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no

16   party questions [its] authenticity . . ." *Marder v. Lopez*, 450 F.3d 445, 448 (9ᵗʰ Cir. 2006).   A court may

17   treat such a document as "part of the complaint, and thus may assume that its contents are true for

18   purposes" of dismissal.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003).  Such consideration

19   prevents plaintiffs from surviving dismissal "by deliberately omitting reference to documents upon

20   which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9ᵗʰ Cir. 1998).³   A "court may

21   disregard allegations in the complaint if contradicted by facts established by exhibits attached to the

22   complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993)

23   (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)).

24        Lastly, under F.R.Evid. 201, a court may take judicial notice of "matters of public record." *Lee*

25   *v. City of Los Angeles*, 250 F.3d 668, 688 (9ᵗʰ Cir. 2001); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500,

26

27        ³     "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim
          depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not
28        dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document
          in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9ᵗʰ Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings); *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986).

As discussed below, the complaint is subject to dismissal due to defenses and the absence of claims supported by a cognizable legal theory or sufficient facts alleged under a cognizable legal theory.

### Failure To Satisfy F.R.Civ.P. 8

The complaint is subject to global attack for failure to satisfy F.R.Civ.P. 8, which requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

F.R.Civ.P. 8(d)(1) requires each allegation to be "simple, concise, and direct." This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *McHenry*, 84 F.3d at 1179.

Moreover, a pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). The U.S. Supreme Court has explained:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added),

1

2
Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

3

4
*Twombly*, 550 U.S. at 556, n. 3, 127 S.Ct. 1955.

5
The complaint fails to satisfy F.R.Civ.P. 8. The complaint lacks facts of defendants' specific

6
wrongdoing to provide fair notice as to what defendants are to defend. The complaint is an indictment

7
of property lending and related securities. The complaint proceeds on an unfounded theory of an absence

8
of "lawful ownership or a security interest" in the property and references "predatory loans with teaser

9
interest rates" and "homes with inflated appraisals." Without relevant context, the complaint cites to

10
multiple legal authorities. The complaint lacks cognizable claims or legal theories upon which to

11
support defendants' liability, especially considering the complaint's unfounded theory to challenge

12
property foreclosure.

13
The complaint lumps defendants and others together and fails to distinguish adequately claims

14
and alleged wrongs among defendants. In fact, the identity of the precise defendants is unclear. A

15
plaintiff suing multiple defendants "must allege the basis of his claim against each defendant to satisfy

16
Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put

17
defendants on sufficient notice of the allegations against them." *Gauvin v. Trombatore*, 682 F.Supp.

18
1067, 1071 (N.D. Cal. 1988). "Specific identification of the parties to the activities alleged by the

19
plaintiffs is required in this action to enable the defendant to plead intelligently." *Van Dyke Ford, Inc.*

20
*v. Ford Motor Co.,* 399 F.Supp. 277, 284 (D. Wis. 1975).

21
The complaint lacks specific, clearly defined allegations of defendants' alleged wrongs to give

22
fair notice of claims plainly and succinctly to warrant dismissal of this action. The complaint pleads no

23
more than generalized wrongdoing based on an unfounded theory. Morever, the complaint's claims are

24
subject to defenses and based on legally deficient theories to further warrant dismissal.

25
### Failure To Tender Indebtedness

26
Ms. Garcia's failure to tender, and inability to tender, the amount owing on her loan dooms the

27
complaint's global claims.

28

"When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." *Alicea v. GE Money Bank*, 2009 WL 2136969, at *3 (N.D. Cal. 2009).

"A tender is an offer of performance made with the intent to extinguish the obligation." *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 580, 205 Cal.Rptr. 15 (1984) (citing Cal. Civ. Code, § 1485; *Still v. Plaza Marina Commercial Corp.,* 21 Cal.App.3d 378, 385, 98 Cal.Rptr. 414 (1971)). "A tender must be one of full performance . . . and must be unconditional to be valid." *Arnolds Management*, 158 Cal.App.3d at 580, 205 Cal.Rptr. 15. "Nothing short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount." *Rauer's Law etc. Co. v. S. Proctor Co.,* 40 Cal.App. 524, 525, 181 P. 71 (1919).

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996), *cert. denied*, 519 U.S. 1081, 117 S.Ct. 746 (1997). "A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness." *Sipe v. McKenna*, 88 Cal.App.2d 1001, 1006, 200 P.2d 61 (1948).

In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021, 255 Cal.Rptr. 157 (1989), the California Court of Appeal explained:

> . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." . . . . This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed. . . . "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." . . . The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. (Citations omitted.)

An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971). The basic rule is that an offer of performance is of no

effect if the person making it is not able to perform.  *Karlsen*, 15 Cal.App.3d at 118, 92 Cal.Rptr. 851 (citing Cal. Civ. Code, § 1495).  Simply put, if the offeror "is without the money necessary to make the offer good and knows it" the tender is without legal force or effect.  *Karlsen*, 15 Cal.App.3d at 118, 92 Cal.Rptr. 851 (citing several cases).  "It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property."  *United States Cold Storage v. Great Western Savings & Loan Assn.,* 165 Cal.App.3d 1214, 1224, 212 Cal.Rptr. 232 (1985).  "A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender."  *Arnolds Management*, 158 Cal.App.3d at 579, 205 Cal.Rptr. 15.

"It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured."  *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934); *see Mix v. Sodd*, 126 Cal.App.3d 386, 390, 178 Cal.Rptr. 736 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477, 114 Cal.Rptr. 91 (1974) (trustor is unable to quiet title "without discharging his debt").

Moreover, to obtain "rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction. . . . The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant."  *Fleming v. Kagan*, 189 Cal.App.2d 791, 796, 11 Cal.Rptr. 737 (1961).  "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."  *Karlsen,* 15 Cal.App.3d at 117, 92 Cal.Rptr. 851.  Analyzing "trust deed nonjudicial foreclosure sales issues in the context of common law contract principles" is "unhelpful" given "the comprehensive statutory scheme regulating nonjudicial foreclosure sales."  *Residential Capital v. Cal-Western Reconveyance Corp.*, 108 Cal.App.4th 807, 820, 821, 134 Cal.Rptr.2d 162 (2003).

"The rules which govern tenders are strict and are strictly applied."  *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439, 129 Cal.Rptr.2d 436 (2003).  "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is

1  made to complete the transaction." *Gaffney v. Downey Savings & Loan Assn.,* 200 Cal.App.3d 1154,

2  1165, 246 Cal.Rptr. 421 (1988).   The debtor bears "responsibility to make an unambiguous tender of

3  the entire amount due or else suffer the consequence that the tender is of no effect." *Gaffney*, 200

4  Cal.App.3d at 1165, 246 Cal.Rptr. 421.

5      Neither the complaint nor record references Ms. Garcia's credible tender of indebtedness or

6  meaningful ability to do so.  The complaint makes the conclusory allegation that Ms. Garcia has offered

7  to and is ready to tender her obligation.  The absence of facts to support the tender allegation render it

8  a mere conclusion lacking credibility, especially considering Ms. Garcia's bankruptcy and default.  The

9  record's silence on Ms. Garcia's credible tender of or ability to tender amounts outstanding is construed

10  as her concession of inability to do so.  Ms. Garcia's failure to cure her default resulted in rightful

11  acceleration of her loan's outstanding balance.  Without Ms. Garcia's credible tender, she seeks empty

12  remedies, not capable of being granted.  Granting Ms. Garcia relief without her credible tender would

13  be an unjustified windfall.  In addition, the complaint does not address conditions precedent to permit

14  rescission.  Without Ms. Garcia's credible tender, the complaint's purported claims are doomed.

15                                    **Foreclosure Sale Presumption Of Validity**

16      Based on the record, the property's foreclosure proceedings are entitled to a presumption of

17  validity to doom further Ms. Garcia's claims.

18      Under California law, a lender may pursue non-judicial foreclosure upon default with a deed of

19  trust with a power of sale clause.  "Financing or refinancing of real property is generally accomplished

20  in California through a deed of trust. The borrower (trustor) executes a promissory note and deed of trust,

21  thereby transferring an interest in the property to the lender (beneficiary) as security for repayment of

22  the loan." *Bartold v. Glendale Federal Bank,* 81 Cal.App.4th 816, 821, 97 Cal.Rptr.2d 226 (2000).  A

23  deed of trust "entitles the lender to reach some asset of the debtor if the note is not paid." *Alliance*

24  *Mortgage Co. v. Rothwell,* 10 Cal.4th 1226, 1235, 44 Cal.Rptr.2d 352 (1995).

25      If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender

26  may non-judicially foreclose.  *See McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231, 236-237,

27  286 P. 693 (1930). The California Court of Appeal has explained non-judicial foreclosure under the

28  applicable California Civil Code sections:

> The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive. . . . It includes a myriad of rules relating to notice and right to cure. It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings.

*Moeller v. Lien,* 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994); *see I.E. Assoc. v. Safeco Title Ins. Co.*, 39 Cal.3d 281, 285, 216 Cal.Rptr. 438 (1985) ("These provisions cover every aspect of exercise of the power of sale contained in a deed of trust.")

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process.  Under California Civil Code section 2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee."  "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale."  *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.

"A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender."  *Moeller*, 25 Cal.App.4th at 831, 30 Cal.Rptr.2d 777.  "As a general rule, a trustee's sale is complete upon acceptance of the final bid."  *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 440-441, 129 Cal.Rptr.2d 436 (2003).  "If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly; this presumption is conclusive as to a bona fide purchaser."  *Moeller*, 25 Cal.App.4th at 831, 30 Cal.Rptr.2d 777 (citations omitted).  "A nonjudicial foreclosure sale is accompanied by a common law presumption that it 'was conducted regularly and fairly.'"  *Melendrez v. D & I Investment, Inc.*, 127 Cal.App.4th 1238, 1258, 26 Cal.Rptr.3d 413 (2005) (quoting *Brown v. Busch,* 152 Cal.App.2d 200, 204, 313 P.2d 19 (1957)).  "This presumption may only be rebutted by substantial evidence of prejudicial procedural irregularity."  *Melendrez*, 127 Cal.App.4th at 1258, 26 Cal.Rptr.3d 413.  The "burden of proof rests with the party attempting to rebut this presumption."  *Herrera v. Federal Nat. Mortg. Assn.*, 205 Cal.App.4th 1495, 1505, 141 Cal.Rptr.3d 326 (2012).

To challenge foreclosure, "it is necessary for the complaint to state a case within the code

1   sections for which reason it is essential to allege the facts affecting the validity and invalidity of the

2   instrument which is attacked." *Kroeker v. Hurlbert,* 38 Cal.App.2d 261, 266, 101 P.2d 101 (1940).  A

3   "trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has

4   been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a

5   mortgage or deed of trust." *Munger v. Moore*, 11 Cal.App.3d 1, 7, 89 Cal.Rptr. 323 (1970).

6        A "plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the

7   alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests." *Herrera*, 205

8   Cal.App.4th at 1507, 141 Cal.Rptr.3d 326; *see Knapp v. Doherty*, 123 Cal.App.4th 76, 86, n. 4, 20

9   Cal.Rptr.3d 1 ("A nonjudicial foreclosure sale is presumed to have been conducted regularly and fairly;

10  one attacking the sale must overcome this common law presumption 'by pleading and proving an

11  improper procedure and the resulting prejudice '"). "Prejudice is not presumed from 'mere irregularities'

12  in the process." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 272, 129 Cal.Rptr.3d 467

13  (2011).

14       The complaint lacks meaningful facts of a specific statutory irregularity or misconduct in

15  foreclosure proceedings attributable specifically to defendants, especially considering that the complaint

16  does not dispute Ms. Garcia's default.  The complaint's conclusory claims of purported non-compliance

17  of non-judicial foreclosure provisions offer nothing to support a discrepancy in the foreclosure process.

18  The complaint lacks allegations to overcome the presumption of foreclosure validity, especially

19  considering the absence of prejudice to Ms. Garcia whose default resulted in foreclosure.

20                              **Absence Of Standing**

21       The complaint is further subject to dismissal given that the trustee of Ms. Garcia's Chapter 7

22  bankruptcy has sole standing to pursue the complaint's claims.

23       "[O]nce a trustee is appointed, a debtor loses all authority to litigate any claim for or against the

24  estate." *In re Flanagan*, 503 F.3d 171, 179 (2nd Cir. 2007).  "[T]he trustee, not the debtor or the debtor's

25  principal, has the capacity to represent the estate and to sue and be sued." *In re Gulph Woods Corp.*, 116

26  B.R. 423, 428 (E.D. Pa. 1990).  "The rights of action arising upon the contracts or property of the

27  debtors, not yet resolved into suit, pass to the trustee as a representative of the estate." *In re St. Onge*,

28  317 B.R. 39, 44-45 (D. N.H. 2004).  "The trustee is granted complete authority and discretion with

                                        12

1  respect to the prosecution and defense of any litigation of the Debtor's estate." *In re Gulph Woods Corp.*,

2  116 B.R. at 428.  After a trustee is appointed, "a Chapter 7 debtor no longer has standing to pursue a

3  cause of action which accrued at the time the Chapter 7 petition was filed" because  the trustee  has sole

4  the authority to prosecute and/or settle claims. *Anderson v. Acme Markets, Inc.,* 287 B.R. 624, 628 (E.D.

5  Pa. 2002) ("The Trustee is the sole representative of the estate. . . . As such, the Trustee has the exclusive

6  right to prosecute causes of action that are property of the bankruptcy estate.")

7          The property foreclosure commenced six months prior to Ms. Garcia's Chapter 7 bankruptcy to

8  render the complaint's claims property of her bankruptcy estate and thus subject to the trustee's sole

9  authority to pursue.  The record fails to suggest a challenge to the trustee's standing.  Ms. Garcia's

10  absence of standing further subjects her claims to dismissal.

11                                   **Attempt At Amendment And Malice**

12          Since the complaint lacks viable claims, Ms. Garcia is unable to cure claims by allegation of

13  other facts and thus is not granted an attempt to amend.  The complaint raises frivolous points which this

14  Court need not address individually. *See Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984)

15  ("We perceive no need to refute these arguments with somber reasoning and copious citation of

16  precedent; to do so might suggest that these arguments have some colorable merit.")

17          Moreover, this Court surmises that Ms. Garcia brought this action in absence of good faith and

18  seeks to exploit the court system solely for delay or to vex defendants and the foreclosure and/or

19  unlawful detainer process.  The test for maliciousness is a subjective one and requires the court to

20  "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46

21  (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d

22  754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse

23  of judicial process").  A lack of good faith or malice also can be inferred from a complaint containing

24  untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey*

25  *v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).  The complaint includes invalid claims.  An attempt to vex

26  or delay provides further grounds to dismiss this action.

27                                   **CONCLUSION AND ORDER**

28          For the reasons discussed above, this Court:

1.      DISMISSES with prejudice this action and all claims against Seterus and MERS;

2.      DIRECTS the clerk to enter judgment in favor of defendants Seterus, Inc. and Mortgage Electronic Registration Systems, Inc. and against plaintiff Kelley Lynn Garcia; and

3.      ORDERS Ms. Garcia, no later than April 5, 2013, to file papers to show cause why this Court should not dismiss this action against any remaining defendants, including Deutsche Bank National Trust Company and Morgan Stanley ABS Capital One, Inc. Trust 2005-HE6.

**This Court ADMONISHES Ms. Garcia that this Court will dismiss this action against any remaining defendants, including Deutsche Bank National Trust Company and Morgan Stanley ABS Capital One, Inc. Trust 2005-HE6, if Ms. Garcia fails to comply with this order and fails to file timely papers to show cause why this Court should not dismiss this action against any remaining defendants.**

IT IS SO ORDERED.

**Dated:   March 26, 2013            /s/  Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE

14